# VERIFIED COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. §1681 et seq.)

**Plaintiff:** *Clayton Samuel Wilson*
**Defendants:** TransUnion LLC

## 1. JURISDICTION AND VENUE

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.
2. Jurisdiction is proper under 28 U.S.C. §1331 because the claim arises under federal law.
3. Venue is proper in this District because Plaintiff resides in this District and a substantial part of the events giving rise to this claim occurred here.

## 2. PARTIES

4. Plaintiff is a natural person and consumer as defined by the FCRA, 15 U.S.C. §1681a(c).
5. Defendants TransUnion is a consumer reporting agency as defined in 15 U.S.C. §1681a(f).

## 3. FACTUAL ALLEGATIONS

6. Plaintiff reviewed their consumer reports and identified **unauthorized hard inquiries** appearing on one or more reports.
7. On March 28, 2025 Plaintiff sent each CRA a **written dispute** pursuant to 15 U.S.C. §1681i(a)(1)(A) ("§611 Investigation Requirement").
8. Plaintiff included:
   a. Identification documents,
   b. A clear statement that the inquiries were unauthorized,
   c. A request for deletion and reinvestigation.
9. Plaintiff sent all disputes by **Certified Mail USPS 3800/3811**, which constitute **legal Certificate of Service** and proof of delivery.
10. Defendants received the disputes, as shown by USPS tracking confirmations.
11. More than **30 days** have passed since receipt of the disputes.

12. Defendants **failed to conduct a reasonable reinvestigation**, failed to correct or delete the inaccurate entries, and **failed to provide Plaintiff with the results of any investigation**, violating the explicit requirements of §611.
13. Plaintiff also filed a complaint with the **Consumer Financial Protection Bureau (CFPB)**, but Defendants still **failed to respond or correct the inaccurate inquiries**.
14. Defendants' failure to respond demonstrates **willful noncompliance** of their statutory duties under 15 U.S.C. §1681n, or in the alternative, **negligent noncompliance** under §1681o.
15. As a result, Plaintiff suffered damages, including diminished credit score, denial of credit opportunities, emotional distress, frustration, and time expenditure attempting to correct the inaccuracies.

# 4. CAUSES OF ACTION

## **COUNT I – VIOLATION OF FCRA §611

(15 U.S.C. §1681i – Failure to Conduct a Reasonable Reinvestigation)**

16. Plaintiff realleges all preceding paragraphs.
17. Defendants received Plaintiff's valid §611 disputes.
18. Defendants failed to conduct a **reasonable reinvestigation**.
19. Defendants failed to delete inaccurate information within the statutory period.
20. Defendants failed to provide written results of the investigation.
21. These acts constitute violations of FCRA §611.

## **COUNT II – WILLFUL NONCOMPLIANCE

(15 U.S.C. §1681n)**

22. Defendants' conduct was **intentional, reckless, and in disregard of federal requirements**.
23. Defendants routinely ignore consumer-initiated disputes when no ACDV is generated, showing a pattern of willful noncompliance.
24. Plaintiff is entitled to **statutory damages of up to $1,000 per violation**, plus punitive damages.

## **COUNT III – NEGLIGENT NONCOMPLIANCE**

(15 U.S.C. §1681o)**

25. In the alternative, Defendants acted negligently by failing to follow reasonable procedures.
26. Plaintiff suffered actual damages including credit score reduction, financial loss, and emotional distress.

## 5. PRAYER FOR RELIEF

Plaintiff demands judgment against all Defendants for:

A. Actual damages under §1681o;
B. Statutory damages under §1681n;
C. Punitive damages for willful violations;
D. Attorney's fees and costs;
E. Permanent deletion of all unauthorized inquiries;
F. Any other relief the Court deems just and proper.

## VERIFICATION

I, Clayton Samuel Wilson, declare under penalty of perjury that the facts stated in this Verified Complaint are true and correct to the best of my knowledge.

Date: 12/9/2025

Signature: _____ UCC 1-308

Clayton Samuel Wilson
111 Grandview Ave
Bridgeport CT 06606

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Chester, PA 19016

| Certified Mail Fee $4.85 | | 0484 |
| --- | --- | --- |
| $ | $0.00 | 03 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | Here |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage $1.01 | | |
| $ | | 03/28/2025 |
| Total Postage and Fees | | |
| $5.86 | | |

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

Tracking: 9589 0710 5270 1682 6580 12

CLAYTON WILSON
111 Grandview Ave
Bridgeport CT 06606
516-644-3673
DOB: 12/03/1992
SSN: 4670

TransUnion
Attn: Consumer Dispute Department
P.O. Box 2000
Chester, PA 19016-2000

RE: Formal Legal Dispute under FCRA & Connecticut General Statutes (C.G.S.) - Demand for Deletion and Full Verification

Dear TransUnion Compliance Department,

I am writing to formally dispute multiple items on my consumer credit report, which I received on 10/16/2025. As a Connecticut resident, my rights are protected not only by the Federal Fair Credit Reporting Act (FCRA), specifically § 611, but also by the Connecticut Creditors' Collections Practices Act (CCPA), the Connecticut Unfair Trade Practices Act (CUTPA) (C.G.S. § 42-110b), and the CT Credit Report Statutes (C.G.S. § 36a-699b).

The items listed below are inaccurate, incomplete, misleading, or cannot be legally verified by the furnisher and must be deleted within the 30-day mandated investigation period.

PART A: Inaccurate/Unverifiable Accounts (FCRA § 611, C.G.S. § 36a-699b)

I demand that your office conduct a reasonable reinvestigation by forwarding this entire dispute to the respective furnishers and demanding they produce the following: (1) The original signed contract/agreement, (2) The full accounting ledger showing the calculation of the current balance, and (3) The verifiable Date of First Delinquency (DOFD).

Furnisher Name: AUSTIN CAPITAL BANK SSB. Account #: [8000]. Reason: Status of "Closed" is confusing while a balance remains; dual-reporting with a collector is misleading. Legal Argument & Demand: FCRA § 623. Demand proof of the collector's CT CCA License (C.G.S. § 36a-801) to confirm legal right to collect. Delete immediately if no license is produced.

Furnisher Name: BRIGHT/COASTAL CBK/ARY. Account #: [42XX]. Reason: Inaccurate/Incomplete/Unverifiable debt collection. Legal Argument & Demand: FCRA § 623 & CT CCPA § 36a-646. Demand full validation of the entire collection history and the original contract, or delete.

Furnisher Name: CONNECTICUT DEPT SOCIAL SVCS. Account #: [1047]. Reason: Reporting is inaccurate and constitutes an unfair practice. Legal Argument & Demand: CT CUTPA (C.G.S. § 42-110b). The reporting of state-related debt must be impeccably accurate and non-deceptive. Demand the specific statutory authority and ledger showing the reported balance is complete and accurate.

Furnisher Name: FIRST PREMIER / PREMIER BKCRD. Account #: [6775]. Reason: Inaccurate Date of First Delinquency (DOFD). Legal Argument & Demand: FCRA § 605. Challenge the DOFD. If the DOFD is proven earlier than reported, the account must be removed as obsolete. Demand full balance validation under CT CCPA.

Furnisher Name: VERIZON WIRELESS. Account #: [6896]. Reason: Unverifiable balance; lack of full payment history/DOFD. Legal Argument & Demand: FCRA § 623. Reporting a service debt without a clear, verifiable DOFD is a violation. Demand proof of authorization and delete due to lack of verification.

PART B: Unauthorized Hard Inquiries (FCRA § 604(a))

I am also disputing the following Hard Inquiries which were placed without my valid written permission or permissible purpose (FCRA § 604(a)). I have not opened any of these accounts, rendering the inquiries fraudulent or in violation of federal law. I demand deletion of all hard inquiries that did not result in an opened or funded account.

Inquiries to Delete: CREDIT ACCEPTANCE (Multiple dates), CORELOGIC CREDCO LLC (Multiple dates), EQUIPAX/KEYBANK (Multiple dates), FACTUAL DATA (Multiple dates), CAP ONE AUTO FIN VIA DEALER (Multiple dates), NCCINC/DADDARIO NISSAN (Multiple dates), SANFANER CONSUMER USA (Multiple dates), NOWCOM/PRESTIGE MOTORS (Multiple dates), and all others listed under "Who Has Viewed Your Consumer Information" that are Hard Inquiries.

I expect a full and reasonable reinvestigation of all disputed items as required by law. If the furnishers are unable to provide full, verified, and complete documentary evidence supporting the legality and accuracy of the reported items, they must be permanently deleted from my consumer report.

Please provide the results of your investigation within the 30-day statutory period.

Sincerely,

## Hard Inquiries

**Inquiry**
BK OF AMER
**Date of Inquiry**
04/30/2025
**Inquiry**
BK OF AMER
**Date of Inquiry**
04/29/2025
**Inquiry**
CORELOGIC
**Date of Inquiry**
03/27/2025
**Inquiry**
FACTUAL DATA
**Date of Inquiry**
03/27/2025
**Inquiry**
JPMCB AUTO
**Date of Inquiry**
03/17/2025
**Inquiry**
GM FINANCIAL
**Date of Inquiry**
03/15/2025
**Inquiry**
JPMCB AUTO
**Date of Inquiry**
03/15/2025
**Inquiry**
COAF
**Date of Inquiry**
03/15/2025
**Inquiry**
DADDARIO NIS
**Date of Inquiry**
03/15/2025
**Inquiry**
GM FINANCIAL
**Date of Inquiry**
01/13/2025
**Inquiry**
N BERGEN BU
**Date of Inquiry**
01/13/2025
**Inquiry**
ALLY FINANCI
**Date of Inquiry**

01/13/2025
**Inquiry**
COAF
**Date of Inquiry**
01/13/2025
**Inquiry**
COAF
**Date of Inquiry**
01/13/2025